UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  JONATHAN OBRIAN           :
                                  :    CIVIL ACTION NO. 3:23-0795
            Petitioner            :
                                  :
                                  :    (JUDGE MANNION)

**MEMORANDUM**

On May 1, 2023, Petitioner, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the above caption civil rights action pursuant to 28 U.S.C. §2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). By Order dated May 12, 2023, the Eastern District Court transferred the above captioned action to the United States District Court for the Middle District of Pennsylvania. (Doc. 3). Petitioner challenges ongoing state proceedings in the Court of Common Pleas for Dauphin County. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I. BACKGROUND**

On September 10, 2019, following a jury trial, Petitioner was found guilty of Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor, Indecent Assault on Person less than 13 years of age, Corruption of Minors, and Indecent Exposure. See Commonwealth v. Obrian, CP-22-CR-0003612-2028, Criminal Docket Sheet. The Court of Common Pleas of Dauphin County sentenced Petitioner on November 25, 2019. Id.

Petitioner filed a timely direct appeal which was denied by the Pennsylvania Supreme Court on May 2, 2022. Id.

On December 2, 2022, Petitioner filed a timely Post Conviction Relief Act Petition ("PCRA"). Id. By Memorandum and Order dated April 18, 2023, Obrian's PCRA petition was denied. Id.

On April 27, 2023, Petitioner penned a request for enlargement of time to file a second PCRA petition, which was filed in the Eastern District of Pennsylvania as a new habeas corpus petition pursuant to 28 U.S.C. §2254 and subsequently transferred to this District. (Doc. 1). It states in toto:

Court Doc. No. CP-22-CR-3612-2018

> I'm inmate Mr. Jonathan A. Obrian, State No. QA1120. This is in concern of my PCRA petition that I'm filing on behalf of direct appeal being denied. I'm also asking for and affirming that my 1st PCRA was also denied. This leaving me to file my second as my date is approaching on May 4, 2023. I don't have enough of my legal papers from my lawyer who refuses to send me my denial from the Superior Court's decision and other factoring material I will need in my defense to file a post-conviction relief act, for a new trial or correction of sentence, so I'm asking for the Courts to please grant me this extension for filing my PCRA until such time that I may reach out to the Clerk of Courts, Attorney and other for my paperwork that I'm filing. My due date again is May 4, 2023.

Id.

On May 4, 2023, Petitioner was granted an enlargement of time in his state court action. See Commonwealth v. Obrian, CP-22-CR-0003612-2028, Criminal Docket Sheet.

## II. DISCUSSION

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United

States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37(1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227,1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id. The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101,106 (3d Cir.1989). Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ...other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142,*2 (M.D. Pa. 2012)(citing Loftus v.

Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D. Pa. 1991)). In the present matter, it is clear that all three Younger criteria are met.

Here, there are clearly ongoing state proceedings, in which it is clear that Petitioner was attempting to file a motion for enlargement of time in the state court.[2] It is also clear that Petitioner received the enlargement of time he was seeking. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D. Pa. 2010)(holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

### III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the

---

[2] To the extent that Petitioner was attempting to preserve his federal filing date, the Clerk of Court will be directed to supply Petitioner with a copy of this Court's state habeas corpus form.

district court's assessment of the denial of a constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV.  CONCLUSION

For the foregoing reasons, the petitioner for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254 will be dismissed without prejudice.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated:  May 16, 2023
23-0795-01